UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22966-CV-SMITH

EARL J. DOWNS,

    Plaintiff,

v.

SERGEANT FLORES, *et al.*,

    Defendants.
_____/

## ORDER SCREENING CIVIL RIGHTS COMPLAINT

Plaintiff has filed an Amended Complaint [DE 8] under 42 U.S.C. § 1983 in which he alleges he that Defendants violated his Eighth Amendment rights using excessive force. Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP").

**I.  Complaint's Allegations**

Plaintiff alleges that on August 25, 2019, while housed at Dade Correctional Institution in cell J5-209 he was awakened by Defendant Sergeant Flores entering the cell and shouting, "Who in the fuck, did it?" (Am. Compl. at 3.) Sergeant Flores was accompanied by two female corrections officers, Defendants Johnson and Hardy. (*Id*.) Flores started striking Plaintiff's cell mate, Moses Bellinger. (*Id*. at 5.) As he was hitting Bellinger, Flores looked at Plaintiff and said, "Don't worry, you're next." (*Id*.) Plaintiff got up from his bunk, at which point he was engaged by Flores and Defendant Sergeant Sanquoa. (*Id*.) Flores and Sanquoa repeatedly punched Plaintiff in the face and head until Plaintiff "blanked out." (*Id*.) When Plaintiff came to, he was on the floor and Flores and Sanquoa were still beating him. (*Id*.) After five minutes of beating, one of the Defendants grabbed Plaintiff's hand and twisted his fingers, popping some of them out of the socket. (*Id*.) Defendant's Hardy and Johnson just watched as the beating occurred. (*Id*.)

Later, x-rays of Plaintiff's hands resulted in a recommendation for surgery. (*Id.*) Plaintiff alleges that his head was swollen and deformed because of the beating. (*Id.*) Plaintiff claims the beating caused permanent disfigurement, which has been substantiated by medical documents and medical staff. (*Id*. at 6.) Plaintiff has filed grievances concerning this incident. (*Id.*) An informal grievance was approved at the institutional level. (*Id.*)

## II.     Standard Under 28 U.S.C. § 1915(e)

"[Section] 1915(e) . . . applies to cases in which the plaintiff is proceeding IFP." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (*per curiam*). Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nonetheless, under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Furthermore, the same standards govern dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

Whenever prison officials stand accused of using excessive physical force constituting "the unnecessary and wanton infliction of pain," the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Applying this standard, courts consider: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted upon the prisoner"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (*per curiam*) (citations omitted). Finally, a defendant need not participate in the use of excessive force against a prisoner to be held liable under § 1983 for cruel and unusual punishment. *See Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). A defendant who is present at the scene and fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable. *Id*.

Here Plaintiff's allegations indicate that Defendant Flores entered his cell and immediately began beating his cellmate. Sergeant Flores then began beating Plaintiff and was joined by Sergeant Sanquoa. Although Plaintiff has not alleged if Defendants had any reason to use force against him and his cellmate, the continued application of force after Plaintiff has "blanked out" would seem to indicate that the use of force continued beyond any need. Although Hardy and Johnson did not participate in the beating of Plaintiff, he has alleged that they stood by and made no effort to intervene and stop the beating. For this reason, Plaintiff's allegations state a prima facie claim for relief under the Eighth Amendment.

Accordingly, it is

**ORDERED** that:

1. The individual capacity Eighth Amendment claims of excessive use of force against Defendants Flores and Sanquoa shall **PROCEED**.

2. The individual capacity Eighth Amendment claims for failing to intervene against Johnson and Hardy shall **PROCEED**

3. The Clerk shall mail a copy of the Order to Plaintiff at his address of record.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of November, 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:
Earl J. Downs
H26167
Suwannee Correctional Institution
Inmate Mail/Parcels
5964 US Highway 90
Live Oak, FL 32060
PRO SE